## SUPREME COURT.

### HENRY A. SWAN agt. ELISHA RUCKMAN and HENRY W. WARD.

The *master* of a vessel in the home port cannot bind the *owners personally*, by a charter party, without authority for that purpose. And this authority must be proved by the party claiming liability of the owners.

*New York Special Term, July*, 1863.

THIS was an action against the defendants, who were sued as the owners of a schooner called the Ney, to recover damages for the alleged breach of a charter party, dated May 27, 1859, made in the port of New York, by Robert McKeag, the master of the vessel, to and in favor of the plaintiff, whereby the said McKeag undertook to carry a cargo of lumber from Alsop's Mills, in the state of Florida, to Point-a-Petre in the island of Guadeloupe, on certain terms therein stated.

The complaint alleged a breach of the charter party by McKeag as the master of the schooner and agent of the defendants, and claimed damages to the amount of $1,000.

The defendants appeared and answered separately.

The answer of Ruckman admitted ownership, but denied liability under the charter party, which, it was alleged, had been made by McKeag, not as the agent of the owners, but on his own individual account, under an agreement between himself and Ruckman, by which he was to victual, man and work the schooner, and pay one-half the earnings to the owners as a consideration for the use of the vessel.

The answer of the defendant Ward denied both ownership and liability under the charter party. It admitted that, prior to June 12, 1858, the defendant Ward had been the owner of one-fourth of the schooner, but alleged that on that day he had been deprived of possession of her by an attachment issued against him at the instance of defendant Ruckman, the owner of the remaining three-fourths, since which period he had never had any custody, control or participation in the vessel or her employment, but, on the contrary, he had brought his action against Ruckman, for a conversion of his interest, which suit is still pending; and that the alleged charter party had been made without authority from him and without his knowledge.

JER. LAROCQUE, *for plaintiff.*
I. T. WILLIAMS, *for defendant Ward.*
E. A. DOOLITTLE, *for defendant Ruckman.*

GOULD, Justice. The contract for carrying the lumber (charter party) was broken on the part of the master McKeag. It bound him to carry such lumber as his vessel could not carry, and such as he, necessarily, refused to carry.

As to the liability of the defendants : The master, in the home port, could not bind the owners personally, by a charter party, without authority for that purpose, to be proved by the plaintiff.

The proof certainly does not show any such authority from Ward, of whose part of the vessel Ruckman had, by legal proceedings, divested Ward of the possession; and by suing for the conversion, Ward had abandoned all claim to regain possession or control. He had elected his remedy, and thereby became no longer an owner entitled to recover or have possession of the specific property, but at most was able to get only its value.

The authority from Ruckman, as proved in the agreement for running the vessel, hardly amounts to an authority to bind by a charter party.

Judgment for defendants.